UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-217-BR

| | | |
|---|---|---|
| SHARLETA MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHNNY M. BAGLEY, | ) | |
| | ) | |
| Defendant | ) | |
| | | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner. | ) | |

On 12 May 2008, pursuant to 28 U.S.C. § 1442, the United States removed to this court subpoena proceedings in a civil action pending in the District Court Division of the General Court of Justice of Harnett County, North Carolina, to which the United States is not a party. This matter is currently before the court on the United States' motion to quash the subpoenas served on three employees of the United States Postal Service, Eric Banks, Millie Bragg, and Tina Madkin. Sharleta Morgan, plaintiff in the underlying state court action and the party who issued the subpoenas, has not filed a response to the motion, and the time within which to do so has expired.

The United States relies on a Postal Service regulation which sets forth procedures to be followed when a party demands testimony concerning information acquired by a Postal Service employee in the course of his or her official duties. See 39 C.F.R. § 265.12. The employee may not give testimony without prior authorization of the General Counsel of the Postal Service. Id. § 265.12(d)(2). A government employee may not be forced to comply with a subpoena if a valid regulation requires him or her not to comply. Smith v. Cromer, 159 F.3d 875, 878 (4th Cir. 1998),

cert. denied, 528 U.S. 826 (1999). Plaintiff does not contend that the subject regulation is not valid nor does she contend that the regulation is inapplicable or that she complied with the procedures outlined in the regulation.

Under these circumstances, pursuant to the doctrine recognized in United States ex rel Touhy v. Ragen, 340 U.S. 462 (1951), and the doctrine of sovereign immunity, this court (and likewise the state court) lacks jurisdiction to enforce the subpoenas issued to Banks, Bragg, and Madkin. "In *Touhy*, the Supreme Court [] held that subordinate federal officers could not be held in contempt for failing to comply with a court order in reliance on a validly promulgated regulation to the contrary." Smith, 159 F.3d at 879. Furthermore, sovereign immunity precludes a state court, and in turn a federal court on removal, from exercising jurisdiction to compel a government employee to testify contrary to agency instructions. Id. (relying on Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989)). In sum,

> a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction. It is also clear that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege of sovereign immunity. Where an agency has not waived its immunity to suit, the state court (and the federal court on removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction.

Id. (citations omitted).

The motion to quash is ALLOWED. The Clerk is DIRECTED to serve a copy of this order

2

on the Clerk of Court for Harnett County and to close this matter.

    This 26 June 2008.

                                                  W. Earl Britt
                                                Senior U.S. District Judge

3

Case 5:08-cv-00217-BR   Document 6   Filed 06/26/08   Page 3 of 3